IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN D. GARRETT,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 19-12359 (JBS)<br><br>[Crim. No. 11-242 (JBS)]<br><br>**OPINION** |

APPEARANCES:

Alan D. Garret, Petitioner pro se
#63176050
Schuylkill
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 759
Minersville, PA 17954

**SIMANDLE**, District Judge:

I. **INTRODUCTION**

    Petitioner Alan D. Garrett ("Garrett" or "Petitioner") pled guilty to a one-count Indictment on October 4, 2011, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On January 26, 2012, the Honorable Jerome B. Simandle sentenced him to seventy-seven (77) months imprisonment, to be followed by three (3) years of supervised release. Shortly after he completed his initial term of imprisonment, Garrett violated the terms of his supervised release and was sentenced for that

violation on December 12, 2016.[1] After filing several unsuccessful motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Garrett now seeks to file a petition for writ of error coram nobis. [Docket Entry 1.] For the reasons explained below, the Court will deny and dismiss the petition.

## II. FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND

On October 4, 2011, Garrett pled guilty to a single count Indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [United States v. Garrett, Crim. No. 11-242 (D.N.J.) at Docket Items 25 & 27.] Judge Simandle sentenced Garrett at the bottom of the advisory guidelines range to seventy-seven (77) months imprisonment, to be followed by three (3) years of supervised release, and entered the final Judgment of conviction on January 26, 2012 ("the January 26, 2012 Judgment"). [Id. at Docket Items 28 & 29.] Mr. Michael N. Huff, Esq. subsequently filed a notice of appeal on behalf of Garrett, United States v. Garrett, App. No. 12-1338 (3d Cir.), which the Third Circuit denied, United States v. Garrett, 507 F. App'x 139 (3d Cir. 2012).

On January 2, 2013, Garrett timely filed a habeas petition with respect to the January 26, 2012 Judgment, under 28 U.S.C. § 2255, arguing that his 2012 sentence was invalid because, inter

---

[1] After he finished serving this sentence, Garrett subsequently violated his supervised release two more times.

alia, the Court lacked jurisdiction, he was actually innocent, his counsel was ineffective, essential elements of the offense were missing, unlawfully obtained evidence was used, there were speedy trial act violations, and he was entitled to a downward departure. [United States v. Garrett, Civ. No. 13-27 (D.N.J.) at Docket Item 1.] Judge Simandle denied this § 2255 petition because Garrett had waived his right to petition for § 2255 and, in any event, none of his arguments had merit. Garrett v. United States, 2014 WL 1334213 (D.N.J. Apr. 2, 2014).

On May 9, 2016, Garrett began serving the first term of his supervised release. [Garrett, Crim. No. 11-242 (D.N.J.) at Docket Item 40.] A little more than one month later, Garrett was charged in state court with aggravated assault, possession of a weapon for unlawful purposes, and possession of a weapon by a convicted felon. [Id.] Subsequently, those charges were dropped in exchange for Garrett pleading guilty to hindering apprehension. [Id.] His federal probation officer petitioned for a violation of his supervised release because Garrett had "commit[ted] another federal, state, or local crime" while under supervision. [Id.] Garrett's probation officer subsequently amended the petition, alleging a second violation for possessing a firearm. [Id. at Docket Item 53.] Judge Simandle sentenced Garrett to a term of imprisonment of 12 months and 1 day, to be followed by a term of 23 months of supervised release, and entered Judgment against

3

Garrett for violating his supervised release on December 12, 2016 ("the December 12, 2016 Judgment") [Id. at Docket Item 54.]

On May 8, 2017, Garrett filed a Motion in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 2255. [Garrett, Civ. No. 17-3254 (D.N.J.) at Docket Item 1.] This § 2255 petition challenged his conviction and confinement for violation of supervised release imposed on December 12, 2016 (i.e., the December 12, 2016 Judgment), arguing that the Court failed to grant a downward departure for time served from June 23, 2016 to November 16, 2016 under U.S.S.G. § 5K2.23. [Id. at 3-4.] Garrett also objected to the condition imposed upon his future supervised release requiring drug and alcohol testing. [Id. at 4.] The Court denied this Motion on May 6, 2019. [Id. at Docket Item 51.]

Two days later the Court received the instant petition for writ of error coram nobis. [Id. at Docket Item 52.] Judge Simandle directed that it be filed separately for consideration. [Id. at Docket Item 53.]

## III. DISCUSSION

The availability of a writ of error coram nobis is extremely limited due to judicial disfavor for voiding final criminal judgments. The power to grant such a writ is conferred on the federal courts by the All Writs Act, 28 U.S.C. § 1651(a). The use of coram nobis is limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve

4

justice.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting United States v. Morgan, 346 U.S. 502, 511 (1954)).

"Although a writ of error coram nobis is available in federal courts in criminal matters, see 28 U.S.C. § 1651(a), coram nobis has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255." United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000). Petitioner was still in the custody of the Bureau of Prisons when he filed this petition with a release date of May 22, 2019. See Inmate Locator, available at, https://www.bop.gov/inmateloc/ (last visited May 13, 2019). "There is no basis here for coram nobis relief, because [Garrett] is still in custody." Baptiste, 223 F.3d at 189.

The petition is therefore denied.

IV. CONCLUSION

For the foregoing reasons Garrett's petition will be denied.

_May 13, 2019_
Date

JEROME B. SIMANDLE
U.S. District Judge

Robert B. Kugler

5