<u>NOT FOR PUBLICATION</u>

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

ALAN DUPREE GARRETT,                :
                                    :       CIV. NO. 19-12359(RMB)
            Petitioner              :
                                    :
      v.                            :       **OPINION**
                                    :
UNITED STATES OF AMERICA,           :
*et al.*,                           :
                                    :
            Respondents             :

BUMB, DISTRICT JUDGE

This matter comes before the Court upon Petitioner's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), which he submitted from Camden County Correctional Facility ("CCCF") on March 10, 2021, with a civil complaint for damages[1] and an "Addendum" to his previously dismissed petition for writ of error coram nobis in this action, asserting jurisdiction under the All Writs Act, 28 U.S.C. § 1651. (IFP App., Dkt. No. 11; Complaint, Dkt. No. 11 at 4-5; Addendum, Dkt. No. 12.)

For the reasons discussed below, the Court will construe Petitioner's Addendum as an amended petition for writ of error

---

[1] The Court takes judicial notice under Federal Rule of Evidence 201(b) that on November 17, 2020, the Honorable Noel L. Hillman, in Civil Action No. 20-12904, dismissed a <u>Bivens</u> complaint filed by Petitioner, pursuant to the three strikes rule in 28 U.S.C. § 1915(g). <u>Garrett v. United States</u>, No. CV2012904NLHJS, 2020 WL 6739542, at *2 (D.N.J. Nov. 17, 2020)

coram nobis and deny the petition. Petitions for relief from criminal convictions and sentences, such as habeas petitions and petitions for writ of error coram nobis, must be filed separately from civil actions for damages. Therefore, the Court will direct the Clerk to file a copy of the IFP application and complaint in a new civil action, where the complaint is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). The Court will address Petitioner's request for relief from his criminal convictions below.

I.  BACKGROUND

Petitioner Alan Dupree Garrett was incarcerated in the Federal Correctional Institution-Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill") when he filed a petition for writ of error coram nobis in this matter on May 8, 2019. (Pet., Dkt. No. 1.) On May 13, 2019, the Honorable Robert B. Kugler entered an Opinion and Order dismissing the petition. (Opinion, Dkt. No. 2; Order, Dkt. No. 3.) The Court noted that a writ of error coram nobis is an extraordinary remedy typically reserved to attack convictions when the petitioner is no longer "in custody" for purposes of a motion under 28 U.S.C. § 2255. (Opinion, Dkt. No. 2 at 4-5.) When the petition was filed, Petitioner remained in custody after violating supervised release, arising out of his

2

conviction in Criminal Action No. 11-cr-242(JBS) for being a felon in possession of a firearm. (Id. at 2-3.) Petitioner appealed the denial of his petition for writ of error coram nobis (Notice of Appeal, Dkt. No. 6), and the Third Circuit Court of Appeals dismissed the appeal. (Certified Order of USCA in lieu of formal Mandate, Dkt. No. 10.) Petitioner's amended petition for writ of error coram nobis is now before the Court.

II.   DISCUSSION

   A.   Petitioner's Claims

In Petitioner's amended petition for writ of error coram nobis and his civil complaint, he is seeking (1) monetary damages arising out of alleged medical malpractice that occurred while he was housed in a halfway house, The Kintock Group, in Philadelphia, Pennsylvania; (2) monetary damages arising out of a claim of wrongful incarceration; and (3) to vacate all New Jersey criminal convictions pursuant to New Jersey Court Rule 4:26-4, which precludes final judgment entered against a person designated with a fictitious name, allegedly applicable to Petitioner because his name was misspelled in all of his criminal cases. (Addendum, Dkt. No. 12; Compl., Dkt. No. 11 at 4-5.) Claims for damages are not properly brought in a petition for writ of error coram nobis, and the Court will dismiss those claims from the petition without prejudice to bringing the claims in a separate civil action, and

3

the Court will direct the Clerk to file Petitioner's civil complaint in a new civil action.

    B.    <u>Jurisdiction Over Request to Vacate Criminal Judgments</u>

Petitioner seeks to vacate all New Jersey criminal judgments against him since age twelve because his name was misspelled. (Addendum, Dkt. No. 12.) This Court lacks jurisdiction to vacate all of Petitioner's criminal judgments, each conviction must be challenged separately by means of a petition for writ of habeas corpus under 28 U.S.C. § 2254 for state convictions, and a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 for federal convictions, both of which have a one-year statute of limitations and restrictions on filing second or successive motions. See 28 U.S.C. §§ 2254, 2255, 2244. Further, to support his claim for relief, Petitioner relies on New Jersey Court Rule 4:26-4, "No final judgment shall be entered against a person designated by a fictitious name." (Addendum, Dkt. No. 12 at 2.) This New Jersey court rule governs civil actions in New Jersey Superior Courts, not criminal actions in state and federal courts.

Putting aside the lack of authority for relief under N.J. Ct. R. R. 4:26-4, Petitioner is not entitled to a writ of error coram nobis in Criminal Action No. 11-cr-242 based on the alleged misspelling of his name. There are five prerequisites for coram nobis relief:

> the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind.

Ragbir v. United States, 950 F.3d 54, 62-63 (3d Cir. 2020) (citations omitted).

Petitioner cannot establish the third through fifth prerequisites described above. Petitioner could have corrected the spelling of his name at any time, but in any event, the error is harmless. The alleged misspelling of his name in the criminal proceeding does not render the conviction invalid. See United States v. Fawcett, 115 F.2d 764, 767 (3d Cir. 1940) ("An indictment, then, is an accusation of a person of crime. It is an accusation against a person, and not against a name. A name is not of the substance of an indictment.") See also Ragbir, 950 F.3d at 62 ("coram nobis relief is limited and seeks out error of the most fundamental character—the kind that renders the proceeding itself irregular and invalid") (citations omitted). Therefore, the Court denies the misspelling claim in the amended petition for a writ of error coram nobis.

III. CONCLUSION

For the reasons discussed above, the Court denies the amended petition for a writ of error coram nobis in part and dismisses the

5

remaining claims for damages for lack of subject matter jurisdiction. The Court will direct the Clerk to file Petitioner's civil complaint in a new civil action.

An appropriate Order follows.

DATE: **April 1, 2021**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**